IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL L. GORE, | No. C 12-5108 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| WALKENHORST'S, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been denied leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).

In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901

1 F.2d 696, 699 (9th Cir. 1988).

2 B.      Legal Claims

3     In his complaint, Plaintiff alleges that four businesses, who are food vendors, refuse to sell him items that are labelled "for women only."  Plaintiff argues that this is discriminatory, and violates the Equal Protection Clause.

6     Plaintiff names as Defendants Walkenhorst's, Union Supply, Packages "R" Us, and Access Securepak.  However, Plaintiff has failed to allege these businesses are organizations acting under the color of state law.  A person or organization acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West v. Atkins*, 487 U.S. at 49 (citation and internal quotation marks omitted).  A private individual or organization does not act under color of state law, an essential element of a Section 1983 action.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered under Section 1983.  *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).  Simply put: There is no right to be free from the infliction of constitutional deprivations by private actors.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).  However, Plaintiff will be given an opportunity to amend his complaint, and set forth facts sufficient to demonstrate that these businesses were acting under the color of state law, if he can do so in good faith.

## CONCLUSION

1.     Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (C 12-5108 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

2.     Plaintiff is advised that an amended complaint supersedes the original complaint.

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.12\Gore108dwla.wpd            2

1  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
2  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
3  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
4  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5        3.     Plaintiff is advised that an amended complaint supersedes the original complaint.
6  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
7  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
8  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

10        4.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
11  and all parties informed of any change of address and must comply with the Court's orders in a
12  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
13  pursuant to Federal Rule of Civil Procedure 41(b).

14       IT IS SO ORDERED.
15  DATED: 11/21/12

*[Signature: Lucy H. Koh]*

LUCY H. KOH
United States District Judge